18076.   PARLIER *v.* PARLIER.

STEPHENS, J.   1.   This being a proceeding by a son against his father, to dispossess the latter as a tenant holding over beyond his term, and it appearing from the plaintiff's own testimony, even when construed most strongly against him, that he bought the property from a third person while it was occupied by the defendant, that it was agreed between him and the defendant that the defendant was to live upon the property indefinitely and for the remainder of the defendant's life, and that the defendant was to pay him rent for the premises until the plaintiff finished the payment of the purchase-money, and that the defendant was to perform other services, such as obtaining tenants for the plaintiff upon the premises and keeping up the premises, the inference is authorized that the relationship of landlord and tenant existed between the plaintiff and the defendant.

2.   In such a proceeding, where there is evidence for the plaintiff authorizing the inference that the relationship of landlord and tenant existed, a statement made by the defendant, to the effect that he was in possession of the premises as the owner of a life estate, is not sufficient to establish as a matter of law and as an undisputed fact that the defendant occupied the premises under a bona fide claim of title. The evidence of the plaintiff was sufficient to authorize a jury to infer that the defendant's occupancy was not bona fide under a claim of title, but was as a tenant.

3.   Under the above rulings the evidence was sufficient to authorize the inference that the defendant held the premises as a tenant; and since it further appears from the evidence that the defendant failed to pay the rent or to perform the other services which the plaintiff testified the defendant had contracted to do, and that the tenancy was terminated after legal notice and demand upon the defendant, and that the de-

---

Landlord and Tenant, 35 C. J. p. 969, n. 56; p. 970, n. 68; 36 C. J. p. 664, n. 20.

fendant, upon demand for possession, refused to vacate, the evidence authorized a verdict for the plaintiff, and the court erred in granting a nonsuit.    *Judgment reversed.    Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 20, 1928.

Eviction; from Floyd superior court—Judge Maddox.  January 15, 1927.

*Porter & Mebane,* for plaintiff.

*Willingham, Wright & Covington, Nathan Harris,* for defendant.